UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**DETRO IT, MICHIGAN**                                                                 **JUNE 09, 2021** 1

ALAM et. al.  v. ALJAZEERA English et. al.
_____

1. DR. RABBI ALAM, and
2. SHERE ALAM, and
3. RIZVI ALAM, and
4. THE BANGABANDHU PARISHAD USA, and
5. THE BANGABANDHU COMMISSION USA.

PLAINTIFF(s),

vs                                                           CASE NO. _____2:2021cv10389____
                                                             HONORABLE LINDA V. PARKER

1. AL JAZEERA ENGLISH, and (USA)
2. KANAK SARWAR, and (USA)
3. ELIAS HOSSAIN, and (USA)
4. DELWAR HOSSAIN, and (CANADA)
5. DAVID BERGMAN, and (QATAR)
6. JULKERNER SAYER, and (QATAR)
7. AL JAZEERA MEDIA NETWORKS, and (QATAR)
8. TASNEEM KHALIL, and (QATAR)
9. AL JAZEERA AMERICA, and (USA)
10. MOSTEFA SOUAG and (QATAR)
11. AL JAZEERA INTERNATIONAL USA INC., et al. (USA)

DEFENDANT(s).
_____/

**PLAINTIFFS' RESPOND TO COURT'S ISSUED "SHOW CAUSE ORDER" FOR ALAM ET. AL. v. AL JAZEERA ENGLISH ET. AL.: WHY THE CASE SHOULD NOT BE DISMISSED AND WHY IT SHOULD BE CONTINUED**
_____/

**FACTS**

NOW COMES the Plaintiff(s), DR. RABBI ALAM, SHERE ALAM, and RIZVI ALAM are proceeding as PRO SE Litigators and bring this Answer to the "SHOW CAUSE ORDER" by the court dated On June 4th, 2021. The court issued a "SHOW CAUSE ORDER" why this case should not be dismissed and court allowed fourteen

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DETROIT, MICHIGAN                                              JUNE 09, 2021 2
ALAM et. al.  v. ALJAZEERA English et. al.
_____

(14) day from the issued date of 06-04-2021. The SHOW CAUSE ORDER was issued and signed by Hon. Judge Linda V. Parker and it was published by Case Manager Aaron Flanigan. In the SHOW CAUSE ORDER court identified and raised the following questions:

1. Being a Pro Se Litigator, a Pro Se Litigant can not represent a corporation and the two named Plaintiffs Bangabandhu Parishad USA and Bangabandhu Commission USA have been striked out by the court and as because the Plaintiffs failed to retain a licensed practitioner to represent Bangabandhu Parishad USA and Bangabandhu Commission USA. Therefore they are not part of the Litigation. Plaintiffs agreed to the Court decision of striking out the tow corporations and respectfully inform the Honorable court that retention of such a law firm and a licensed Practitioner is very expensive. Plaintiffs communicated with several law firms for retainers; however, the fees they asked for were over $500K and it was impossible for the Plaintiffs to hire such a law firm to be represented by. Plaintiffs referring to the June 2, 2021 "Memorandum and Statement" (ECF No . 16), is not the indication of any legal representations. Mr. Hindal Quadir Bappa and Mr. MD AL Masum Khan are not attorneys and are not seeking to represent the two named corporations the Bangabandhu Parishad USA and the Bangabandhu Commission USA. Mr. Hindal Quadir

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**DETROIT, MICHIGAN**                                                     **JUNE 09, 2021** 3

ALAM et. al.  v. ALJAZEERA English et. al.
_____

Bappa and Mr. MD AL Masum Khan are points of office contact as to the non-legal contacts if necessary.

2. Court raised question about "Certificate of Service" as to Defendant AL Jazeera English and Defendant Kanak Sarwar, via U.S. Postal Service Certified Mail process. As to Defendant AL Jazeera English is a Corporation's Foreign/Domestics and pursuant to the Mich. Ct. R. 2.105 (D) (2), serving a summons and copy of the complaint on a Private Corporations, Domestics and Foreign, service of process may be made by "Registered Mail", addressed to the principal office of the corporation. Here, Rule of "Registered and Certified Mail" pursuant to Mich.Ct.R.2.105. The services to AL Jazeera English at it's corporate Principal office fulfill and meet the Mich.Ct.R.2.105 and the Federal Rule of Civil Procedure of Rule 5 allows service by Certified Mail. F.R.CIV. PRO Rule 5(b)(2)(C) to the known last address. As to Defendant Kanak Sarwar, an Individual also meets the Mich.Ct.R.2.105 as well as Federal Rule 5.

3. Courts raised the issue of Fed. R. Civ. P. 4(m) the 90 days rule of service time. As to the following foreign foreign defendants (1) DAVID BERGMAN (QATAR), (2) Tasneem Khalil (QATAR), (3) MOSTEFA SOUAG (QATAR), (4) JULKER NAYER SAYER SAMI (QATAR), (5) DELWAR HUSSAIN (CANADA) and AL JAZEERA MEDIA NETWORKS (QATAR); Plaintiffs' requested for extension of additional 24 weeks. Due to the COVID-19

Case 2:21-cv-10389-LVP-APP ECF No. 27, PageID.202 Filed 06/10/21 Page 4 of 16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DETROIT, MICHIGAN                                                                 JUNE 09, 2021 4
ALAM et. al. v. ALJAZEERA English et. al.

___

situation and Pro Se Litigation, and as Qatar does not follow the Hague Convention it created undue and potential burden on Plaintiffs. The Process is lengthy and expensive. Plaintiff is in the process of hiring Ancillary Legal Corporation for International Processing. Here is the details: "" Plaintiffs respectfully inform this honourable court that Plaintiff have made every successful effort to serve the defendants that are located in the united states of America and seeking 4 additional weeks for the defendants Elias Hossain, NY, USA, Served but yet to receive the green copy, Al Jazeera America , Washington D.C, USA, Served but yet to receive the green copy and Al Jazeera International USA Inc, Washington D.C., served, yet to receive the green copy. It is noted that Defendant Al Jazeera English, USA, and Defendant Kanak Sarwar (USA) had been served and the above mentioned three defendants were served at the same time but only two were completed.

4. The Plaintiffs plead that due to the COVID-19 proceedings and International Legal Services procedures, it took about 10 weeks to find an International Service Provider that would be meeting the United States Federal Civil Proceeding guidelines. It is noted that the Plaintiffs are Pro Se Litigators and did conduct research to find service processors that follow the Hague Convention guidelines. Unfortunately, the Defendants are located and their addresses are in Qatar, a foreign nation that does

Case 2:21-cv-10389-LVP-APP   ECF No. 27, PageID.203   Filed 06/10/21   Page 5 of 16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DETROIT, MICHIGAN                                          JUNE 09, 2021 5
ALAM et. al.  v. ALJAZEERA English et. al.
_____

not follow the Hague guidelines for International Legal Services guidelines. However, Finally, the Plaintiffs find an International Service Processors named by "**Ancillary Legal Corporation", located in Atlanta, GA and their process service fees are expensive and it usually would take between 24-52 weeks.**

5. As the Plaintiffs are Pro Se litigators, had an extreme hardship and challenges to find the right service processors as they ran into problems and burden was higher as many service processors do not work with self-representing litigations. Finally, the **Ancillary Legal Corporation**, agreed to be appointed as the legal service provider for the International Defendants, as Plaintiff would hire them for the purpose of services. One of the following three services the Plaintiff is likely to use for the services; (1) Letters Rogatory, (2) Private Process Server, or (3) Service by Mail.

6. **Letters Rogatory**: Documents must be sent through diplomatic channels adhering to strict formal diplomatic protocol. The lengthy and expensive procedures are not to be confused with the procedures of The Inter American Treaty on Letters Rogatory even though these methods of service share a confusingly similar name. The United States. The State Department's filing fees are $2275. The cost for this method of service could be as much as $5000 or more.

7. **Private Process Server:** This Is usually the first method of service pre-selected by a lawyer since personal service by a private process server is the most common method of service used in serving a defendant. It is generally the most expensive option, and one of the most difficult methods to complete, although it can also be one of the fastest. We need to know the complete address of the defendant before we can quote a service fee; however, we estimate that it will cost at least $995 plus the cost of notarization of the proof of service, which is about $95 if required.Service can take 10 – 12 weeks. **Please note** that, in cases filed in Federal court, service cannot be made on a corporation via private process server

8. **Service by Mail*:** While service by mail through the Clerk of Court is seldom successful in international situations, Ancillary service by mail procedure is almost always successful and usually requires an Order of Court, a Motion and an affidavit.  Service by mail can be the least expensive method of service. However, the Time of turn around is between 18-24 weeks. For this process a Court Order signed by a Judge is required and the fee is $595 plus postage costs. It could add up all together to $850.

9. Certified translations are required for those International Services. International Legal Service fees are prepaid. The above fees exclude the

Case 2:21-cv-10389-LVP-APP ECF No. 27, PageID.205 Filed 06/10/21 Page 7 of 16

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**DETROIT, MICHIGAN**                                                **JUNE 09, 2021** 7
ALAM et. al. v. ALJAZEERA English et. al.
_____

courier fees (FedEx) and notarization fees whenever a private process server's affidavit must be notarized.

10. Plaintiffs request that with the prepropendace of evidence there is at least one genuine issue of material fact and beyond a reasonable doubt, with a good cause, the Plaintiffs request this honourable Judge and the Court to grant this motion for the extension of additional 24 weeks for the International named Defendants from the date of 6-13-2021 to 12-13-2021. Also, the Plaintiffs request this court for the Domestics named Defendants for an additional 8 weeks from the date of 6-13-2021 to 8-13-2021 for the services.

11. RELIEF REQUESTED: The Plaintiffs request this honorable court for the International Defendants to extend the service for additional 24 weeks and the three domestic defendants, who have already tried several different ways to serve, for an additional 8 weeks. Court has a discretion based on Plaintiffs good faith and good causes and valid reasons we, the Plaintiffs, beg for extension of services.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**DETROIT, MICHIGAN**                                                                 **JUNE 09, 2021** 8
ALAM et. al.  v. ALJAZEERA English et. al.
_____

12. CONCLUSION: This is a genuine, sincere and meaningful effort by Pro Se Litigators. This case is critical for Plaintiffs and in this Modern Time of social media and internet era, while Defamation and Slanderous and Libel statements, materials and publications are real threat and pro se litigants depend on court's Justice and adequacy. Defendant's malicious actions, misconducts and causing injury and destroying reputations of plaintiffs and it's stakeholders, executives as well as the Damages are the direct nexus to the Defamation of Character. We the Pro Se Litigators are spending a great deal of respect to the legal system and we beg justices.

Thank you.

Respectfully Submitted

*[signatures]*

Dr. RABBI ALAM,       RAJU ALAM, MA, MBA,     Agriculturist SHERE ALAM


Plaintiffs, 1221, BOWERS ST #1163.
Birmingham, Michigan 48009
Primary Phone: (816) 372-1873
TEL: (844) 556-8333


Dated: JUNE 09, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**DETROIT, MICHIGAN**                                                                 **JUNE 09, 2021** 9

ALAM et. al.  v. ALJAZEERA English et. al.
_____

## CERTIFICATE OF SERVICE

I am DR. Rabbi Alam, I am certifying and testifying that on the 08th day of JUNE, 2021, I personally filed the following document(s) electronically/via the United States Postal Services with the Clerk of the Court using the PACER MI-ECF System which will send notification of such filling to all ECF participants in this case:

Documents Served:
- Plaintiffs' Answer to request Courts' issued "SHOW CAUSE ORDER"
- Domestics Defendants service packets processed on 4-30-2021 yet to be received.

DR RABBI ALAM,            RIZVI ALAM            SHERE ALAM,

Plaintiffs, 1221 Bowers ST #1163, Birmingham, Michigan 48009

Telephone: (816) 372-1873. Email: president@bbpusa.org

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

**DETROIT, MICHIGAN**　　　　　　　　　　　　　　　　**JUNE 09, 2021** 10

ALAM et. al.  v. ALJAZEERA English et. al.

---





# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

**DETROIT, MICHIGAN**  **JUNE 09, 2021** 11

ALAM et. al. v. ALJAZEERA English et. al.

---





# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

**DETROIT, MICHIGAN**　　　　　　　　　　　　　　　　　　　　**JUNE 09, 2021** 12

ALAM et. al.  v. ALJAZEERA English et. al.
_____



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**DETROIT, MICHIGAN**                                      **JUNE 09, 2021** 13

ALAM et. al.  v. ALJAZEERA English et. al.
_____

[Domestic Return Receipt 1 — Article Addressed to: AL Jazeera English, 1200 New Hampshire, 2nd Floor N.W., Washington DC 20036 USA; Article Number: 7019 2970 0000 1682 2376; Received by: Marcia McLeod; Date of Delivery: 5/3/21]

[Domestic Return Receipt 2 — Article Addressed to: Kanak Sarwar, 1 Blacksmith Lane, East Northpoint, NY-11731 USA; Article Number: 7019 2970 0000 9041 9806; Received by: C-G R/L; Date of Delivery: 4-30-21; Signature: Sarwar]

**(L) Registered and Certified Mail.**

(1) If a rule uses the term "registered mail," that term includes the term "certified mail," and the term "registered mail, return receipt requested" includes the term "certified mail, return receipt requested." However, if certified mail is used, the receipt of mailing must be postmarked by the post office.

(2) If a rule uses the term "certified mail," a postmarked receipt of mailing is not required. Registered mail may be used when a rule requires certified mail.

*Mich. Ct. R. 2.105*

Amended March 28, 2018, effective May 1, 2018; amended March 24, 2021, effective May 1, 2021.

*Staff Comment:* The amendment of MCR 2.105 adds reference to service on the "agent for service of process" so that it is consistent with MCL 449.1105(a)(2).

🔒 casetext.com

(C) **Partnerships; Limited Partnerships.** Service of process on a partnership or limited partnership may be made by

    (1) serving a summons and a copy of the complaint on any general partner or agent for service of process; or

    (2) serving a summons and a copy of the complaint on the person in charge of a partnership office or business establishment and sending a summons and a copy of the complaint by registered mail, addressed to a general partner or agent for service of process at his or her usual residence or last known address.

(D) **Private Corporations, Domestic and Foreign.** Service of process on a domestic or foreign corporation may be made by

    (1) serving a summons and a copy of the complaint on an officer or the resident agent;

# Mich. Ct. R. 2.105

As amended through May 5, 2021

Rule 2.105 - Process; Manner of Service

(A) **Individuals.** Process may be served on a resident or nonresident individual by

(1) delivering a summons and a copy of the complaint to the defendant personally; or

(2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).