UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RABBI ALAM, SHERE ALAM,
RIZVI ALAM, BANGABANDHU
PARISHAD USA, and
BANGABANDHU COMMISSION USA,

                Plaintiffs,                Civil Case No. 21-10389
                                            Honorable Linda V. Parker

v.

AL JAZEERA ENGLISH, KANAK SARWAR,
ELIAS HOSSAIN, DELWAR HOSSAIN,
JULKERNER SAYER, DAVID BERGMAN,
AL JAZEERA MEDIA NETWORKS,
TASNEEM KHALIL, AL JAZEERA AMERICA,
AL JAZEERA INTERNATIONAL USA, INC.,
and MOSTEFA SOUAG.

                Defendants.
_____/

## OPINION AND ORDER

Plaintiffs initiated this pro se lawsuit on February 22, 2021.[1]  The matter is

presently before the Court on several preliminary matters.

On May 19, 2021, Plaintiffs filed certificates of service reflecting service of

a summons and a copy of the Complaint on Defendants Kanak Sarwar and Al

---

[1] The Court struck Bangabandhu Parishad USA and Bangabandhu Commission USA and dismissed their claims without prejudice on April 16, 2021 (ECF No. 10), after the Court issued a show cause order indicating that they cannot proceed in this action pro se and they failed to retain counsel by the designated deadline (ECF No. 3).

Jazeera English via U.S. registered mail.  (ECF Nos. 14, 15.)  Because Plaintiffs

had not served the remaining Defendants within the time provided in the Federal

Rules of Civil Procedure and because Plaintiffs' method of serving Sarwar and Al

Jazeera English was not in accordance with Rule 4 of the Federal Rules of Civil

Procedure—including Michigan Court Rule 2.105 which is incorporated therein—

the Court issued a show cause order on June 4, 2021.  (ECF No. 17.)  The order

required Plaintiffs to show cause within fourteen days as to why the action should

not be dismissed pursuant to Rule 4(m).  (*Id.*)

Thereafter, at Plaintiffs' request, a Clerk's Entry of Default was entered as to

Sarwar and Al Jazeera English.  (ECF Nos. 20, 21.)  Plaintiffs subsequently filed

motions seeking default judgments (ECF Nos. 23, 25) and injunctive relief against

them (ECF No. 24).  At the same time, Plaintiffs moved for an extension of time to

serve Defendants.  Plaintiffs request 24 weeks to serve six Defendants who are

located outside the United States: Delwar Hossain, David Bergman, Julkerner

Sayer, Al Jazeera Media Networks, Tasneem Khalil, and Mostefa Souag.  (ECF

No. 22.)  According to Plaintiffs, these defendants are in Qatar, except Hossain

who is in Canada.  (*Id.*)  Plaintiffs request an extension of eight weeks to serve the

remaining defendants, who are in the United States.

On June 10, 2021, Plaintiffs filed a response to the Court's show cause

order.  (ECF No. 27.)  In their response, Plaintiffs assert that they properly served

Sarwar and Al Jazeera English under Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure and Michigan Court Rule 2.105(D)(2).  (*Id.* ¶ 2.)  Plaintiffs further detail the difficulty of serving the Qatar defendants, the efforts Plaintiffs have taken to hire a process server to serve those defendants, and indicate that they are waiting "to receive the green copy" for Defendant Elias Hossain, Al Jazeera America, and Al Jazeera International USA, Inc.  (*Id*. ¶¶ 3-4.)

      Contrary to Plaintiffs' understanding, they have not properly served Sarwar or Al Jazeera English.  As the Court previously explained to Plaintiffs, service via mail on Al Jazeera English does not satisfy Federal Rule of Civil Procedure 4(h) or Michigan Court Rule 2.105(D).  Rule 5 of the Federal Rules of Civil Procedure does not apply to service of the original complaint.  *See Klein v. Williams*, 144 F.R.D. 16, 19 (E.D.N.Y. 1992) (quoting Fed. R. Civ. P. 5(a)) ("By its terms, Rule 5 applies only to a 'pleading *subsequent to the original complaint*,' … and does not serve to alter or eliminate the requirements related to service of the summons and complaint under Rule 4." (emphasis in original)); *see also McGee v. Schoolcraft Cmty. Coll.*, 167 F. App'x 429, 434 (6th Cir. 2006) (approving the district court's "sound" conclusion that although the plaintiff's method of delivery of the summons and complaint complied with Rule 5, "service of the summons and complaint is governed by the more stringent standards of Rule 4").  Rule 2.105(D)(4), which Plaintiffs cite, provides an acceptable method of service *only*

3

*if*: "(a) the corporation has failed to appoint and maintain a resident agent or to file a certificate of that appointment as required by law; (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or (c) the corporation's term of existence has expired." Mich. Ct. R. 2.105(D)(4). There is nothing suggesting that any of these circumstances apply to Al Jazeera English *and* Sarwar is an individual, not a corporation.[2]

Under Michigan Court Rule 2.105, individuals may be served "by registered or certified mail, return receipt requested, and *delivery restricted to the addressee*." Mich. Ct. R. 2.105(A)(2) (emphasis added). The card attached to Plaintiffs' proof of service does not reflect adherence to those requirements. (*See* ECF No. 15 at Pg ID 154.)

Despite their *pro se* status, Plaintiffs must adhere to the Federal Rules of Civil Procedure, local rules, and court orders. *See Fields v. County of Lapeer*, No. 99-2191, 2000 WL 1720727, at *2 (6th Cir. 2000) (quoting *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980)) ("[I]t is incumbent on litigants, even those proceeding *pro se*, to follow the ... rules of procedure."). As Plaintiffs have not properly served Sarwar or Al Jazeera English, the Court is setting aside the Clerk's Entry of Default and is denying Plaintiffs' motions for a default judgment

---

[2] Under the Federal Rules of Civil Procedure and the Michigan Court Rules, the methods for serving individuals differ from the methods for serving corporations. *See* Fed. R. Civ. P. 4; Mich. Ct. R. 2.105.

as to each of them.  For the same reason, the Court also is denying without

prejudice Plaintiffs' motion for an injunction against Sarwar and Al Jazeera

English.

The validity of a court order depends on the court having jurisdiction over

the subject matter and the parties.  *Ins. Corp. of Ireland, Ltd. v. Compagnie des*

*Bauxites de Guinee*, 456 U.S. 694, 701 (1982).  "Before a federal court may

exercise personal jurisdiction over a defendant, the procedural requirement of

service of summons must be satisfied."  *Omni Capital Int'l, Ltd. v. Rudolf Wolff &*

*Co., Ltd.*, 484 U.S. 97, 104 (1987); *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340

F.3d 345, 352 (6th Cir. 2003) ("Due process requires proper service of process for

a court to have jurisdiction to adjudicate the rights of the parties.").  Therefore,

courts have held that a plaintiff's failure to effectuate proper service on a defendant

bars the issuance of a preliminary injunction.  *See, e.g., Zenith Radio Corp. v.*

*Hazeltine Research, Inc.*, 395 U.S. 100, 110 (holding that an injunction was

improper because the defendant had not been served with process); *R.M.S. Titanic,*

*Inc. v. Haver*, 171 F.3d 943, 958 (4th Cir. 1999) (service of process is a

prerequisite to the issuance of an enforceable preliminary injunction); *Schuh v.*

*Mich. Dep't of Corr.*, 1:09-cv-982, 2010 WL 3648876, at *2 (W.D. Mich. July 26,

2010), report and recommendation adopted by 2010 WL 3655654 (W.D. Mich.

Sept. 16, 2010) ("When a preliminary injunction is sought under Rule 65(a),

service of the summons and the complaint is required.").  Federal Rule of Civil

Procedure 65 specifically provides that a "court may issue a preliminary injunction

*only* upon notice to the adverse party." [3]  Fed. R. Civ. P. 65(a)(1) (emphasis added).

Despite Plaintiffs' misunderstanding of the rules, it appears that they made

reasonable and diligent efforts to complete service on Defendants.  Therefore, the

Court is extending for "an appropriate period" the time for Plaintiffs to serve the

domestic defendants.  *See* Fed. R. Civ. P. 4(m).  The additional time Plaintiffs

request to serve them (i.e., 56 days) is neither appropriate nor reasonable.  Four

months have passed since Plaintiffs initiated this lawsuit and no substantive

progress has been made to move it forward.  The Court, therefore, is granting

Plaintiffs 45 additional days from the date of this Order to serve the domestic

defendants.

The 90-day time limit for service in Rule 4(m) does not apply to service in a

foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).  *See* Fed. R. Civ. P. 4(m).

Nevertheless, "the amount of time allowed for foreign service is not unlimited."

*Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) (citation

omitted); *see also Lozano v. Bosdet*, 693 F.3d 485, 488-89 (5th Cir. 2012)

---

[3] While Federal Rule of Civil Procedure Rule 65(b) empowers a court to issue a
temporary restraining order without notice when the conditions for doing so are
satisfied, *see* Fed. R. Civ. P. 65(b)(1), Plaintiffs do not appear to be seeking only
temporary (i.e. fourteen day) relief.  Moreover, they fail to satisfy the requirements
for an injunction under Rule 65(b).  *Id.*

6

(following *Nylok* and adopting a "flexible due diligence" standard to determine whether delay should be excused).  "Because 'district courts need to be able to control their dockets,' Rule 4(f) authorizes a without-prejudice dismissal when the court determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service."  *Lozano*, 693 F.3d at 489 (quoting *Nylok Corp.*, 396 F.3d at 807).  Plaintiffs demonstrate reasonable diligence thus far in attempting service on the foreign defendants.  The Court will require Plaintiffs to file a report every 30 days outlining the progress in serving these defendants and the efforts they have made.

In summary, because Plaintiffs have failed to properly serve Kanak Sarwar and Al Jazeera English, the Court is: (i) **setting aside** the Clerk's Entry of Default against them (ECF Nos. 20, 21); and, (ii) **denying** Plaintiffs' motions for default judgment and injunctive relief against them (ECF Nos. 23-26).  The Court will set aside its show cause order (ECF No. 17) and **grant in part and deny in part** Plaintiffs' motion for an extension of time to serve Defendants (ECF No. 22).

Plaintiffs are granted **an additional 45 days** to serve Defendants Al Jazeera English, Kanak Sarwar, Elias Hossain, Al Jazeera America, and Al Jazeera International USA Inc.  Until Plaintiffs complete service on these defendants or the Court orders otherwise, Plaintiffs shall file a notice **within 30 days** of this Order and **every 30 days thereafter** outlining the efforts taken to serve Defendant

7

Delwar Hossain, David Bergman, Julkerner Sayer, Al Jazeera Media Networks,

Tasneem Khalil, and Mostefa Souag.  Failure to comply may result in the Court

determining that reasonable diligence has not been made to serve these defendants

and that Plaintiffs' claims against them should be dismissed.

>        **IT IS SO ORDERED**.

>                                                        s/ Linda V. Parker
>                                                        LINDA  V. PARKER
>                                                        U.S. DISTRICT JUDGE

Dated: June 17, 2021


I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, June 17, 2021, by electronic and/or U.S.
First Class mail.


>                                                        s/Aaron Flanigan
>                                                        Case  Manager